The next matter, number 25-1499, Francine A. Fuller et al. v. WVMF Funding, LLC et al. At this time, would counsel for the appellants please introduce yourself on the record to begin? Good morning, your honors. May it please the court, my name is Eva Massimino, counsel for appellants. May it please reserve two minutes for rebuttal? You may. The record before this court is lengthy, but the issues are simple. While the pleadings are rife with zealous legal argument over the applicability of Maine law court's ruling in Finch v. US Bank NA to this court, appellants' entire case rests upon what amounts to a foundational legal concept. That no action in a case where that affects real property can be taken if the court does not first acquire jurisdiction over the subject matter. Contrary to the district court's ruling, Finch ought to have been applied here. Even if subject matter jurisdiction existed, neither Maine case law nor Maine statute provide for automatic transfer of title. Automatic transfer of title to a defendant following a judgment in their favor in a foreclosure action due to a defect in a Maine revised statute section 6111 notice of default. While the overarching legal principle of standing is the cured cement upon which the foundation of this matter rests, there are two primary issues that were briefed to determine the applicability of Finch. First, whether a foreclosure judgment- Can I ask you about, I think what I just understood you to say is that title doesn't pass automatically. That is correct. I thought Finch seemed to say fairly straightforwardly under Peshard that a defective 6111 notice causes title to pass automatically to the borrower. What Finch said is that a lender may be compelled to transfer title under Peshard. Not that title automatically vests under Peshard. In fact, under both Peshard and DeShane, both cases relied on either 14 Maine revised statute section 6206 or a finding of mortgage satisfaction to vest title, not automatic conveyance of title. So in DeShane, there was a counterclaim to quiet title where they found that there was not a remaining obligation to convey title. Right, so Peshard said the note in mortgage would become unenforceable and it requires the transfer of title to the borrower free and clear of the lender's mortgage encumbrance. And then what Moulton says is the owner of the home has to do something to make that happen, right? And didn't these people do something? They brought a declaratory judgment in 2001 to make that happen when the law was Peshard. Correct, and then this action was stayed pending the outcome in Finch. Okay, but that still just brings us to, it was stayed, parties agreed to stay it, but still does Finch apply retroactively to this? This case was brought the right kind of case, declaratory judgment by plaintiff to get title. That may be what Moulton requires. They did it. Case is stayed. Law changes, but so what? They brought their case when Peshard was the law. So, unless Finch applies retroactively, why should Finch apply to this case? So, at the time that this case was brought, the mortgage was an active encumbrance on title. And when Finch was decided, it decided not just that the mortgage remained active on title, but also that a judgment based on a failure to comply with a precondition to commencement of the action does not have preclusive effect. That's the holding of Finch. Right, correct. So, not only- Peshard was, it did have preclusive action. Correct, and what- And they brought their lawsuit pre-Finch. Correct. So why don't they get the benefit, unless Finch is retroactive, why don't they get the benefit of Peshard? Because the issue in Finch was a finding that Peshard and DeShane were aberrations of the law. But they were, but the point is, unless Finch is retroactive, the law as it existed at the time that the borrowers originally were sued was in their favor. And I'm still trying to understand, the district court said, and it seems correct based on the cases, that under DeShane and Peshard, judgment for the defendant automatically extinguished the mortgagee's interest. Here, the borrowers got judgment in their favor at the time that Peshard was the law, and it automatically extinguished your client's interest. So, the fact that Finch was decided later, you're correct, but then we have to look at whether Finch is retroactive. But that doesn't necessarily, that has not actually been the case. So, in DeShane and Peshard, in order to arrive at the, in order to arrive at the conclusion that title vested into the borrowers, both DeShane and Peshard relied on a finding that the mortgage was satisfied. So, in DeShane, it was a counterclaim to quiet title, in which they found that there was a satisfaction of the underlying obligation to pay. So, there is the mortgage that is evidence of the underlying obligation to pay, which is evidenced by the note. The mortgage is just evidence of the underlying obligation, which is evidenced by the note. The mortgage is the encumbrance on title, the note is the obligation to pay. So, the satisfaction of the mortgage comes once there is a finding that the note has been satisfied. In Peshard, they sought to discharge and enjoin the enforcement of the mortgage and the note. And they found that there was no longer an obligation to make payment. So, once there was a finding in the foreclosure action, that the lender was not entitled to foreclosure, there then needed to be a finding that the lender was not entitled to any further payment on the note obligation. Then the mortgage could be found to be satisfied in full. Can I just ask you just, I think the district court found this case really indistinguishable from Peshard. And as the district court said, in Peshard, the borrowers prevailed in a foreclosure suit filed against them because the bank failed to prove various things. Five months after the court entered judgment for the Peshards in the foreclosure suit, they brought suit seeking a declaration that they were entitled to a discharge of the mortgage. And according to the district court, that is exactly what happened here. Can you respond and just tell us succinctly why you think this is different from Peshard? Why you think the district court was wrong in saying that it's essentially the same case? So, I believe that in this case, what happened was the mortgage was a valid encumbrance of title. At the time that the borrowers brought this action to quiet title and seek a satisfaction of mortgage, they were seeking to enforce Peshard. By the time the declaratory action judgment was entered, the judge had stayed this action pending the outcome of Finch. When Finch was decided, Finch found that any judgment entered based on a defective 6111 notice, lacks standing. So the judgment, the baseline judgment that the judge entered, if I may. Please. Finish. The baseline judgment that the judge entered this judgment on in the declaratory action was based on a judgment that no longer, it was based on case law that was no longer effective at the time. So it was based on something that lacked subject matter jurisdiction. So- So the problem was the stay. The stay, in your mind, I'm not sure if this is right, but the stay allowed there to be no ruling that the declaratory judgment action as filed in the district court, if ruled on immediately, would have gone in favor of these people. And what you're saying is, because there was a stay and no ruling was made till after Finch, then Finch needs to apply in this case. Frankly, your honor, it's twofold. So instead of, instead of ruling immediately and not applying, instead of ruling, she stayed pending Finch, which completely voided the underlying judgment because Finch said a ruling based on a defective 6111 notice lacks subject matter jurisdiction. Then went back and said, well, it's based on automatic conveyance of title, but that just doesn't exist. But she could have waited for Finch to see, well, maybe Finch will say, one, I'm going to change the law, main law court, and two, I'm going to announce it's retroactive. And if the main law court had done that, these people would lose. But it seems to me Finch didn't say the latter thing. It just said we're going to change the law, didn't say anything about retroactivity. So then the judge has to say, okay, I waited for the stay, I waited. This new case doesn't say it applies retroactively, so she went about the retroactivity analysis and said, based on that analysis, the old rule should apply because this case was filed before Finch. Why is that not right? If I may. So with the issue of retroactivity, a judgment that's entered based off of a defective 6111 notice lacks subject matter jurisdiction. Therefore, the language in Finch says, a judgment based on plaintiff's failure to comply with a precondition to the commencement of the action is not given preclusive effect, that's language directly from Finch. So now, this case, the judgment that was entered on this case, is not given preclusive effect. Thank you, your honors. Thank you. At this time, would counsel for the appellee please introduce himself on the record to begin? May it please the court, my name is Jonathan Selkowitz from Pine Tree Legal Assistance. Counsel for Francine Fuller and Peter Petrosky. It seems to me that there is not really any argument about what the court ought to conclude if it were to engage in the retroactivity analysis that the district court entered into. I'm happy to discuss that or answer questions about that. It seems to me that Wilmington's chief argument is that this court is precluded somehow from answering the question of whether Finch should or should not apply retroactively. The arguments, I have a hard time understanding, frankly. The first time, this is the first time that I've heard any mention of a court lacking subject matter jurisdiction. I'm not really sure what counsel means by that. But I think that the questions seem to suggest that the court has the right approach here, which is the normal practice in Maine when the law court overrules prior precedent is to limit its retroactive application for obvious reasons, because people have relied on those decisions. They've organized their lives around them. They've made transactions based on them. This idea that because title, there was still a valid encumbrance of title based on the mortgage, I think is wrong. It's also, it's not dispositive in any event. So when Peter and Francine won their foreclosure case in 2021, when that judgment became final, the mortgage was extinguished. That is exactly what Duchesne says, Pouchard says, and that's even what was recognized in Finch. This idea that there's still some sort of valid encumbrance, I mean, I don't really, again, I don't understand where that's coming from, because the law is that those mortgages are unenforceable. So when a mortgage is unenforceable, whether you call it extinguished, or whether you call it, because we are a title theory state, that somehow it's a transfer back, title back to the homeowner. What do you make of Moulton? So Moulton does say, person wins their foreclosure action, and then it says, and then so what the main law court is says, we find that, but we think that the judge in that case was wrong to go further and declare the mortgage invalid, even though it's under the Pouchard regime. And it says that's because there was no counterclaim for declaratory judgment, and thus no basis for the court to go beyond the entry in favor of Moulton and declare the effect of its judgment. So it seems like there is an, what Moulton seems to say is, there is an obligation of the homeowner to do something to quiet this title. That it can't just rely on the judgment that they got to win the foreclosure action. What do you make of that? I disagree with that on two points. Number one, Moulton was a foreclosure case, so it wasn't a declaratory judgment case. It was decided, the law court decided Moulton after it had already decided Finch. And so it reversed Moulton on two separate grounds, really. One of them was, hey, you trial court judges, you're not supposed to be issuing relief that's not being requested. That would be the declaratory judgment. Right, okay. But also, it says, hey, Finch, we just ruled on Finch. So this whole analysis of the preclusive effect, and it rendering the mortgage and note invalid going forward, is not really the law anymore anyway. But focus on the second part, and I think you may have satisfied it. But it's not, it does seem inconsistent with what I read earlier from Pouchard, which is just, poof, it goes away. Moulton seems to say, homeowner has to do something. I think that's a misread of Moulton. I think that what Pouchard says is that, poof, it goes away. And homeowners are not required to file a declaratory judgment action. There are, I think, many instances where homeowners went to their mortgage and say, hey, look, here's the decision by the main law court, you need to stop bothering me. You need to discharge your mortgage, and they do. What happened in our case was, we demanded that. We said, here's the law, it's really clear, please stop harassing our client. Please stop paying their property taxes. Why does Moulton go on to say that the, whatever, the lower court there should not have announced that the mortgage was voided, why? I think it's a simple matter of that in Maine, courts are not supposed to be opining on the preclusive effect of their decisions, if that is in controversy, it needs to be addressed in a subsequent case, like a declaratory judgment case. Counsel, is it right to sort of think of it as I understand it, and tell me if I'm wrong. Moulton is a foreclosure case, so the plaintiff, the person who has the right to seek relief, was the- The lender. The lender. And so, the judge assigned to that case is ruling on the lender's request. One claim. One claim. There's no cross-claim by the borrower, so it would be, one could understand why a higher court would say it's odd in a case brought by a lender, with no cross-claim to be opining on now what rights the defendants in the case, the borrowers, have. So your task, trial court judge, was just to resolve the foreclosure action and the lender's claims, not to say anything about what the borrower's rights now are, essentially, right? I mean, is that just a practical way to understand what the court did? Exactly, no, that is what the law court said in Moulton, is we don't want you, trial courts, yet going far afield of what claims are before you. And so when Pouchard says it requires transfer of title to the borrower, requires doesn't mean operation of law, it means you must go do something to make that happen, right? That's not how I understood it, and I don't think that's how the Finch Court characterizes Pouchard. I think that by operation of law, a final judgment for a homeowner in a foreclosure extinguishes, it renders the mortgage unenforceable. From there, the logical consequence is the mortgage is extinguished. And in Maine, that means the title is transferred back to the homeowner. I don't think that we need, we didn't, the declaratory judgment action is not, contrary to what counsel argued, it's not an independent substantive cause of action. It's just asking the court to please tell us we're right on this, that our clients are being harassed. They're paying their property taxes when we told them not to. We need something that we can record in the public record so that the rest of the world will see that this mortgage is actually not effective anymore. Counsel, can I go back just for a minute to the subject matter jurisdiction point that your opposing counsel mentioned? My understanding is there can't be any question about subject matter jurisdiction in this case. It's a diversity case, right? There's no question that the parties are diverse. That's right. In terms of our subject matter jurisdiction and the district court's subject matter jurisdiction, do you see any- No. Any dispute about the fact that the court had subject matter jurisdiction based on diversity?   Your Honors, the last thing with my remaining time I just want to say is that there's a lot of discussion in Finch, and I think in the briefing in this case, about the weighing of the equities. And I just wanted to really emphasize that if Finch is held to be retroactive, and I don't think it would, I don't think it is, I don't think the law court in Maid would rule this way. It's going to put our clients in many years in default on their mortgage when they had not been. And not only them, but countless other people in Maine, and they're not going to be able to recover from that. Thank you. Thank you. Thank you, counsel. At this time, counsel for the appellant, please introduce yourself back on the record. She has a two minute rebuttal. Thank you, Your Honor. Ava Massimino for the appellants. Your Honors, I did just want to briefly touch again on the issue of automatic transfer of title. Counsel, before you do that, just because subject matter jurisdiction is a very serious issue, obviously, what do you mean by your earlier argument that there's a question about subject matter jurisdiction? Can you just explain that a bit more? Yes. So, my point being that for the district court to have decided the way that it did, that Finch should not have applied or did not apply here, ignores the fact that Finch calls into question the underlying issue. But that's a merits argument, I think, counsel. Subject matter jurisdiction is, does the court have the power to decide? Do you contest that there is diversity jurisdiction here? No, I do not.  No, I do not. So, on the issue of automatic vesting of title, one thing that is frequently done in the state of Maine and others is to record judgments to clear up title. And counsel and borrowers have the ability to record judgments in their favor to clear up title. If, as appellees- But even if it's not automatic? Even, I'm sorry. Assume that it's not an automatic extinguishment, whatever that means, and I'm not. They did the right thing. They filed the declaratory judgment action that Bolton seems to be talking about in 2001. And sure, it was stayed to wait to see what Finch did, but so what? They filed it, they should have won it, the law is the law. Maybe, I mean, you'd have to win on the retroactivity point for it to be something else. I mean, even if these people didn't bring the case till three years after Finch, if the conduct all happens before, then why would Finch, unless it's retroactive, shouldn't apply to it, right? I mean, you really haven't ever gotten to like, should it apply retroactively? I mean, you're avoiding that, and I guess I'm just not seeing why that just isn't the crux of this. I don't believe that I am avoiding the retroactivity piece, because if the mortgage remains an encumbrance on title, which it does. When Finch was decided, Finch applies to the mortgage that remains an encumbrance on title. Because the judgment that affects this mortgage that remains on title is void as affected by Finch. Right, and so it doesn't matter to you that all of the conduct of the people and all of the stuff happened before Finch, all of the decisions they made about whether to pay, how they understood their mortgage situation to be like, none of that matters. The fact is, in your mind, judgment in the federal case did not enter until after Finch, therefore Finch applies. That's your position. Because the judgment that entered in this case lacked a precondition for jurisdiction in the court. 6111 existed before- Because that's the Finch rule. The Finch rule makes it so that earlier foreclosure, it's as if it didn't happen, right? It was a precondition, so that suit never could have been brought. What Finch says is that DeShane and Pouchard are the aberrations of the law. Okay, then we're back to that argument, okay. Thank you. Thank you. Thank you, counsel. That concludes argument in this case. Thank you, your honors.